# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

MICHAEL HILL 90-B-0732,

                              Plaintiff,

          -vs-                                DECISION and ORDER

KATHY WASHBURN, *et al.*                        08-CV-6285-CJS-JWF

                              Defendants.

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Michael Hill 90-B-0732, *pro se* <br> Southport Correctional Facility <br> Box 2000 <br> Pine City, NY 14871-2000 |
| For Defendants: | J. Richard Benitez, A.A.G. <br> New York State Attorney General's Office <br> 144 Exchange Boulevard, Suite 200 <br> Rochester, NY 14614 |

## INTRODUCTION

**Siragusa, J.** This prisoner civil rights case is before the Court on Plaintiff's motion (Doc. No. 36) for reconsideration of the Court's Decision and Order (Doc. No. 39) which granted Plaintiff's motion to amend the complaint, and granted in part Defendants' motion to dismiss. Plaintiff asks the Court to reconsider his claims under 42 U.S.C. § 1985(2) and the personal involvement of the correctional facility superintendent. For the reasons stated below, the application to reconsider is granted, and upon reconsideration, the Court adheres to its original Decision and order.

## BACKGROUND

The Court's prior Decision and Order, *Hill v. Washburn*, No. 08-CV-6285-CJS, 2011 WL 846558 (W.D.N.Y. Feb. 7, 2011), contains a more detailed recitation of Plaintiff's allegations and will not be repeated here. The present application pertains to Plaintiff's complaints about the handling of his legal mail while at Southport Correctional Facility.

## STANDARDS OF LAW

As the Fifth Circuit has recognized, "[t]he Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." *Hamilton v. Williams*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## ANALYSIS

### *Section 1985(2)*

In its prior Decision and Order, the Court reviewed Plaintiff's amended complaint with respect to 42 U.S.C. § 1985(3). In his motion for reconsideration, Plaintiff asks the Court to review his complaint with respect to his civil rights conspiracy claim under 42 U.S.C. § 1985(2), which reads in full as follows:

> (2) Obstructing justice; intimidating party, witness, or juror
>
> [b][1] If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; [c] or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, [d] or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws…
>
> in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1982(2) (1874). The Supreme Court observed about § 1985, in *Kush v. Rutledge*, 460 U.S. 719, 724 (1983), that

> [a]lthough § 2 contained only one long paragraph when it was originally enacted, that single paragraph outlawed five broad classes of conspiratorial activity. In general terms, § 2 proscribed conspiracies that interfere with (a) the performance of official duties by federal officers; (b) the administration of justice in federal courts; (c) the administration of justice in state courts; (d) the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws"; and (e) the right to support candidates in federal elections. As now codified in § 1985, the long paragraph is divided into three subsections. One of the five classes of prohibited conspiracy is proscribed by § 1985(1), two by § 1985(2), and two by

---

[1]The Court has added these place markers to correspond with the Supreme Court's discussion of this section in *Kush v. Rutledge*, 460 U.S. 719, 724 (1983), quoted below.

-3-

> § 1985(3). The civil remedy for a violation of any of the subsections is found at the end of § 1985(3). The reclassification was not intended to change the substantive meaning of the 1871 Act....
>
> Three of the five broad categories, the first two and the fifth, relate to institutions and processes of the federal government—federal officers, § 1985(1); federal judicial proceedings, the first portion of § 1985(2); and federal elections, the second part of § 1985(3). The statutory provisions dealing with these categories of conspiratorial activity contain no language requiring that the conspirators act with intent to deprive their victims of the equal protection of the laws.

*Kush*, 460 U.S. at 724 (footnote omitted).

Plaintiff's amended complaint (Doc. No. 40) contains the following allegations with regard to conspiracy:

> 37.) THIRD CAUSE OF ACTION; CONSPIRATORIAL ACTS IN VIOLATION OF § 1985.... Plaintiff Re-Alleges and incorporates by referencing his allegations in Paragraph (1-through-36) as if fully stated herein.
>
> 38.) Defendant VonHagn acted as a conspirator by knowing plaintiff was attempting to exhaust his remedies to bring a lawsuit against Co-Workers and did sabotage his grievances.
>
> 39.) Defendant Bartlett acted as a conspirator by joining in with Washburn to deny plaintiff free flow of Incoming & Outgoing mail and by confiscating his property to further cause him to suffer.

(Am. Compl. ¶¶ 37–39.) Sabrina VonHagn is identified as a Grievance Supervisor (*id*. ¶ 8), Kathleen Washburn as a Senior Mail Room Clerk (*id*. ¶ 6) and Angela Bartlett as Deputy Superintendent of Programs (*id*. ¶ 7). Plaintiff claims that on or about February 6, 2007, Washburn "opened and prevented legal mail from going out to lawyer." (Am. Compl. ¶ 13.) Plaintiff filed a grievance against Washburn and Bartlett was assigned to investigate the grievance. (*Id*. ¶ 22.) Plaintiff alleges that "Bartlett shared the contents of plaintiff's legal mail with Washburn and the Senior Corrections Counselor and returned it to him

vandalized with personnel purchase forms, and other memorandums stuck between the pages." (*Id*. ¶ 23.) Plaintiff further alleges that VonHagen "deliberately prevented plaintiff from exhausting the most serious grievance(s) against her fellow employees which egged on the Senior Mail Clerk and Bartlett to continue their abuse." (*Id*. ¶ 24.)

Plaintiff's motion to reconsider concentrates on what the Supreme Court in *Kush* categorized as clause "c" of § 1985(2): "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws…." The "equal protection" language infers the need to allege racial or other invidious discrimination. *See Kush*, 460 U.S. at 725 ("Each of these portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws."). Thus, if construed as argued by Plaintiff, then the amended complaint would be deficient, since it does not allege an intent to deprive Plaintiff of equal protection of the law. *See Fox v. County of Yates*, No. 10-CV-6020, 2010 WL 4616665, *4 n.4 (W.D.N.Y. Nov. 12, 2010) (The Honorable Michael A. Telesca of this Court determined that failure to allege any racial or class-based animus with respect to a conspiracy claim under § 1985(2) evoking the "equal protection" portions of that statute were fatal and cited to *Kush*).

However, if the Court construes Plaintiff's complaint as alleging causes of action under the provisions of § 1985(2) that were enacted to protect federal judicial proceedings, then no such racial animus language need be alleged. *See Kush*, 460 U.S. at 734–25 ("The statutory provisions dealing *725 with these categories of conspiratorial activity contain no language requiring that the conspirators act with intent to deprive their victims

of the equal protection of the laws."). As related by the court in *Silverman v. Newspaper & Mail Deliverers' Union of New York and Vicinity*, No. 97 Civ. 0040(RLE), 1999 WL 893398, 2 (S.D.N.Y. Oct. 18, 1999):

> The essential elements of a claim pursuant to subdivision 2 of § 1985 are thus "(1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff." *Chahal v. Paine Webber*, 725 F.2d 20, 23 (2d Cir.1984).

*Silverman*, 1999 WL 893398, 2. Construing Plaintiff's Third Cause of Action in the amended complaint liberally, as the Court is required to do, it finds, nevertheless, that Plaintiff has not stated a sufficient cause of action alleging a conspiracy among VonHagn, Bartlett and Washburn to "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified." 42 U.S.C. § 1985(2). Plaintiff alleges that their actions were done with the intent of interfering with his Federal habeas corpus case, *Hill v. West*, No. 04-CV-6601 (W.D.N.Y. Nov. 19, 2009), which he alleges was dismissed as a result. (Am. Compl. ¶ 18.) However, the amended complaint contains no allegation that the alleged conspirators prevented him from testifying or attending court, or that their actions were taken as a result of his having so attended or testified.[2] "The gist of the wrong at which § 1985(2) is directed is not deprivation of property, but intimidation or retaliation against witnesses in federal-court proceedings." *Haddle v. Garrison*, 525 U.S.

---

[2]For the purposes of this analysis, the Court considers that Plaintiff could be a witness in the habeas corpus proceeding. *See Chahal v. Paine Webber, Inc.*, 725 F.2d 20, 24 (1984) (witness means "not only a person who has taken the stand or is under a subpoena but also one whom a party intends to call as a witness.").

121, 126 (1998). In *Haddle*, the Supreme Court determined that an at-will employee had a valid cause of action under § 1985(2) when he alleged that "respondents conspired to have him fired from his job in retaliation for obeying a federal grand jury subpoena and to deter him from testifying at a federal criminal trial." *Id*. at 122.

The allegation that Washburn, on or about February 6, 2007, "opened and prevented legal mail from going out to [a] lawyer," does not allege a conspiracy, and does not allege an intent to prevent Plaintiff from appearing or testifying in a federal proceeding. Although Plaintiff alleges that Washburn's act on March 12 caused him "not to be able to properly submit documents in support of his Habeas Corpus which was dismissed," it does not allege that Washburn's intent in opening his mail was to prevent Plaintiff from pursuing a Federal case. (*Id*. ¶ 18.) Accordingly, upon reconsideration, the Court denies Plaintiff's requested relief and adheres to its original decision, that Plaintiff has not stated a plausible cause of action under § 1985, whether under subdivision (3), or subdivision (2).

***Personal Involvement of Napoli***

Next, Plaintiff asks the Court to reconsider its holding that defendant David F. Napoli, Superintendent of Southport Correctional Facility, was not personally involved since he ignored repeated complaints about abuse of the mail. Plaintiff contends that the Court, "factually miscontrued [sic] the complaint." (Doc. No. 36 at 4.) In its original Decision and Order, the Court quoted from the amended complaint. (Doc. No. 39 at 8–9.) Plaintiff alleges that, "Defendant Napoli was [sic] received numerous complaints by several prisoners, which he personally investigated and deliberately over-looked in order to allow the Mail Room Clerk to continue her abuse of plaintiff's constitutionally protected rights." (Am. Compl. ¶ 21.) Although that paragraph alleges personal involvement, it concerns

"several prisoners" and not Plaintiff. Plaintiff also alleges that, "Napoli's answers to grievances illustrate his awareness and failure to act upon them." (Am. Compl. ¶ 43.) This allegation also does not pertain to Plaintiff, but only avers generally that Napoli was ignoring grievances. "[I]t is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." *Greenwaldt v. Coughlin*, No. 93 Civ. 6551 (LAP), 1995 WL 232736, 4 (S.D.N.Y. Apr. 19, 1995). As was the case in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009), Plaintiff's "complaint does not contain any factual allegation sufficient to plausibly suggest [Napoli's] discriminatory state of mind."

## CONCLUSION

For the reasons stated above, Plaintiff's application (Doc. No. 36) for reconsideration is granted, and upon reconsideration, the Court affirms its prior Decision and Order (Doc. No. 39).

DATED:     October 7, 2011
           Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge