UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL HILL,

        Plaintiff,

Vs.

WASHBURN, et al.,

        Defendants.

DECISION AND ORDER
08-CV-6285 CJS

**Siragusa, J.** This matter is before the Court on Plaintiff's motion for reconsideration[1] filed on January 18, 2013, ECF No. 49, and his "Notice of Motion to Appeal," filed on January 18, 2013, ECF No. 50. Both applications address the Court's January 13, 2013, Decision and Order, ECF No. 47, denying Plaintiff's motion for summary judgment. As the Fifth Circuit has recognized, "[t]here is no motion for 'reconsideration' in the Federal Rules of Civil Procedure. See *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). However, a motion for reconsideration filed within ten days of the district court's judgment is construed as a

---

[1] The Court issued a Decision and Order on February 7, 2011, ECF No. 39, granting Plaintiff's motion to amend, granting, in part, Defendants' motion for judgment on the leadings, and holding Plaintiff's motion for summary judgment in abeyance pending the receipt of answers from Defendants. The Court issued another Decision and Order on October 11, 2011, ECF No. 46, on Plaintiff's motion for reconsideration, denying reconsideration of its prior decision dismissing Plaintiff's claims of conspiracy brought under 42 U.S.C. § 1985(2). Finally, on January 13, 2013, the Court issued a Decision and Order, ECF No. 47, denying Plaintiff's motion for summary judgment, granting Defendants' motion for summary judgment, and dismissing the amended complaint.

1

Rule 59(e) motion that suspends the time for filing a notice of appeal. *See id.*" *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)."The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The Court first turns to Plaintiff's argument that the Court overlooked the causal connection between his complaints and the retaliation he claims to have suffered. In that regard, Plaintiff points out that Defendants did not begin to regularly tamper with his mail until he filed a grievance against defendant Washburn and addressed that grievance to Leigh Anderson. Notice of Motion to Appeal at 2, Jan. 14, 2013, ECF No. 50. The Court's Decision and Order, at 13, ECF No. 47, however, does address this issue, and assumed that the issuance of four misbehavior reports constituted an adverse action, but failed to find evidence of a retaliatory animus. Rather, the evidence presented showed that Plaintiff was repeatedly advised on the facility's correspondence procedures and repeatedly failed to comply with them.

The Court next considers Plaintiff's argument that the Court misrepresented the facts in the situation involving the Word Station, a New Jersey company. On this issue, the Court disagrees with Plaintiff's argument that, since the mail was returned to the Word Station, the Court should conclude that defendant Washburn acted in retaliation for Plaintiff's grievances. If Washburn did, in the past, allow Plaintiff to violate the facility's correspondence rules by sending out stamps for payment, the Court cannot conclude that Washburn's enforcement of the rule prohibiting the use of stamps as payment for services was only done in retaliation for Plaintiff's grievances against him.

With regard to Plaintiff's motion for reconsideration, Jan. 16, 2013, ECF No. 49, he asks the Court to reconsider its decision to dismiss the complaint in its entirety and grant summary judgment to Defendants. Plaintiff appears to focus on his allegations that defendant Bartlett interfered with Plaintiff's outgoing legal mail by "vandalizing it with upfront business office purchase forms and sharing it with co-workers...." Questions Presented for Reconsideration ¶ 3. The Court's Decision and Order adequately addressed this issue, concluding that the facility officials properly opened Plaintiff's business mail for inspection pursuant to its directives.

The Court has reviewed Plaintiff's other grounds for reconsideration and determines that none fit the parameters of the requirements of Fed. R. Civ. P. 59(e) or 60. Therefore, Plaintiff's two applications are denied. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to

proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

DATED: Rochester, New York
February 8, 2013

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge