# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

_____

MICHAEL HILL,

                Plaintiff,                          DECISION & ORDER

      -vs-                                            08-CV-6285-CJS

KATHLEEN WASHBURN, et al.,

                Defendants.

_____

## APPEARANCES

| | |
|---|---|
| For plaintiff: | Michael Hill, *pro se* |
| | 90-B-0732 |
| | Southport Correctional Facility |
| | Box 2000 |
| | Pine City, NY 14871-2000 |
| For defendants: | J. Richard Benitez, A.A.G. |
| | New York State Attorney General's Office |
| | 144 Exchange Boulevard, Suite 200 |
| | Rochester, NY 14614 |

## INTRODUCTION

    **Siragusa, J.** This prisoners' rights case is before the Court on Plaintiff's motion for reconsideration filed October 17, 2013, ECF No. 58. For the reasons stated below, Plaintiff's motion for reconsideration is denied.

## BACKGROUND

    Michael Hill ("Plaintiff"), a prison inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought a pro se civil rights action pursuant to 42 U.S.C. § 1983 against DOCCS employees ("Defendants") for alleged violations of his First Amendment constitutional rights in connec-

tion with the way his mail was handled while he was incarcerated at Southport Correctional Facility ("Southport"). On January 11, 2013, the Court denied Plaintiff's motion for summary judgment, granted Defendants' motion for summary judgment, and dismissed the amended complaint in its entirety. ECF No. 47. On February 8, 2013, the Court denied Plaintiff's motion to reconsider the summary judgment decision. ECF No. 52.

On July 17, 2013, the Second Circuit dismissed Plaintiff's appeal because it "lacked an arguable basis in law or fact." ECF No. 57. On October 17, 2013, Plaintiff filed a second motion for reconsideration of the summary judgment decision, and in the alternative requested an evidentiary hearing to "marshal the facts stated on the face of the complaint overlooked by the court unreasonably."

## STANDARDS OF LAW

As the Fifth Circuit has recognized, "[t]here is no motion for 'reconsideration' in the Federal Rules of Civil Procedure." *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 37, 371 n. 10 (5th Cir. 1998). Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).

> The standard for granting …. a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.… [A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Further, "Rule 60(b) is designed to strike a balance between serving the ends of justice and preserving the finality of judgments. A motion for relief from judgment is

2

generally not favored and is properly granted only upon a showing of exceptional circumstances." *Freedom, N.Y., Inc. v. United States*, 438 F. Supp. 2d 457, 462 (S.D.N.Y.2006) (citations and internal quotations marks omitted).

## ANALYSIS

Plaintiff is urging the Court to reconsider its denial of his summary judgment motion, the granting of summary judgment to Defendants, and the dismissal of the complaint in its entirety. In alleging that the Court was in error, or overlooked matters that would change the outcome of the decision, Plaintiff argues that the Court: (1) "took away claim for legal mail tampering through legal mail seeking advance postage"; (2) made its determination "without justifiable cause to do so"; (3) took away Plaintiff's "relief upon this claim, and the granting of summary judgment which Plaintiff was entitled"; and (4) ruled against Plaintiff because "Plaintiff is a prisoner whose claims to be viewed in this case skeptically." Pl.'s Reconsideration 60(b)(6) at IV, Oct. 17, 2013, ECF No. 58.

None of Plaintiff's alleged errors state controlling decisions or data that the Court did not previously consider in its initial opinion, ECF No. 47, or in the denial of the earlier motion for reconsideration, ECF No. 52, which is required in order for the Court to grant a motion for reconsideration. *Shrader*, at 257. In effect, Plaintiff is improperly attempting to relitigate issues already decided. *Id.* Plaintiff has failed to show "exceptional circumstances" such that the Court should reconsider its earlier decisions. *Freedom N.Y. Inc.*, 438 F. Supp. 2d at 462.

Therefore, since Plaintiff does not allege any errors or matters overlooked by the Court in arriving at its earlier decisions on summary judgment and denial of the first mo-

tion for reconsideration—as affirmed by the Second Circuit Court of Appeals—Plaintiff fails to meet the reconsideration standard. Accordingly, his motion is denied.

## CONCLUSION

Plaintiff's motion for reconsideration, filed October 17, 2013, ECF No. 58, is denied. The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Date: November 7, 2013
      Rochester, New York    ENTER:    /s/ Charles J. Siragusa
                                                      CHARLES J. SIRAGUSA
                                                      United States District Judge